IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**ARI BEN SWARTZ**,

      Plaintiff,

  vs.                                      CIVIL NO. 07-510 RB/CEG

**NATIONAL AERONAUTICS AND SPACE ADMINISTRATION (NASA)–JOHNSON SPACE CENTER (JSC) WHITE SANDS TEST FACILITY (WSTF), FRANK BENZ, DIANE McLAUGHLIN, MAX LEUENBERGER, DAVID LOYD, MICHAEL COATS, YOLANDA, Y. MARSHALL, WASHINGTON GROUP INTERNATIONAL INC. (WGII), RENE RODRIGUEZ, RICHARD CUMMINGS, ENTERPRISE ADVISORY SERVICES, INC. JACOBS TECHNOLOGY INC., and DOE DEFENDANTS**,

      Defendants.

**ORDER**

    **THIS MATTER** comes before the Court on Plaintiff Ari Ben Swartz's Motion to Accept Submission of Additional Information (Doc. 44), filed August 23, 2007, which the Court construes as a request to file a supplement to Plaintiff's response to Defendant Washington Group International, Inc.'s (WGII) motion to dismiss; on Plaintiff's Motion to Accept Submission of Additional Information (Doc. 45), filed August 23, 2007, which the Court construes as a request to file a surreply to Defendant Jacobs Technology, Inc.'s (Jacobs) reply to Plaintiff's response to Jacobs' motion to dismiss; on Plaintiff's Motion [to] Extend Time Limits for Filing (Doc. 57), filed September 17, 2007; on his Motion [to] Extend Time Limits for Filing (Doc. 58), filed September 17, 2007; and on his Motion to Stay the Defense Motion to Strike and a Motion to Amend

Complaint (Doc. 60), filed September 18, 2007.

## I.  Procedural posture of the case.

On July 19, 2007, Jacobs filed a motion seeking dismissal of Plaintiff's claims.  *See* Doc. 19.  On July 23, 2007, WGII filed a motion to dismiss Plaintiff's claims.  *See* Doc. 23.  Plaintiff filed his responses to both motions on July 30, 2007.  *See* Docs. 34, 35.  The two Defendants filed replies on August 9, *see* Doc. 36 (WGII's reply), and August 16, *see* Doc. 39 (Jacobs' reply).  WGII concurrently submitted a notice that briefing was complete on its motion to dismiss.  *See* Doc. 37, filed August 9, 2007.

On August 23, 2007, Plaintiff filed the two identical Motions to Accept Submission of Additional Information, seeking extensions of time until September 24, 2007, to file supplements or surreplies regarding the motions to dismiss and to submit additional information.  *See* Docs. 44, 45.  Without waiting for the Defendants to respond or for a ruling, on August 27 Plaintiff electronically filed the Submission of Additional Information, which consists of three attachments.  *See* Doc. 46.  WGII did not respond to Plaintiff's motion to file additional information, but Jacobs filed a response objecting to Doc. 45 and moving to strike Doc. 46, the submission of additional information.  *See* Doc. 50, filed September 7, 2007.  Without obtaining the Court's permission, Plaintiff then filed an additional document entitled "Submission of Information" on September 12, which attached a 57-page "outline" of information and legal arguments and eleven exhibits purporting to support his responses to WGII's and Jacobs' motions to dismiss and in surreply.  *See* Doc. 51.  The outline also contains additional factual allegations that Plaintiff seeks to add to his complaint.  *See id.* at 38-40.

On September 13 Defendant NASA and its employees who are named Defendants (hereinafter collectively referred to as the NASA Defendants) filed a motion to dismiss.  *See* Doc.

2

52.  On September 17, 2007, Plaintiff filed a Motion to Extend Time Limits for Filing a response to Jacobs' response and request to strike, *see* Doc. 57, and on the same day he also filed a Motion to Extend Time to file a response to the NASA Defendants' motion to dismiss, *see* Doc. 58.  On September 18, Plaintiff filed a motion to stay a ruling on Jacobs' request in Doc. 50 that the Court strike Plaintiff's submission of documents, and, in the same document, Plaintiff moved to amend his complaint to contain the information and exhibits he had submitted in documents 44, 45, and 46. *See* Doc. 60 at 1.  On October 3, Plaintiff timely filed his response to the NASA Defendants' motion to dismiss, thereby mooting Doc. 58, his motion for an extension of time in which to respond to that motion.  *See* Doc. 68.

## II. Analysis

**1. Plaintiff may file a surreply and may amend his complaint to add factual allegations regarding Jacobs.**

Plaintiff alleges in his Complaint that he was exposed to toxic vapor propellants and an unsafe work environment of combustible liquids during his employment with WGII at the NASA Space Center located at the White Sands Test Facility ("WSTF").  *See* Compl. at 3 (Doc. 1). Plaintiff further alleges that he "now suffers from symptoms of chronic propellant exposure" arising from his employment.  *Id*. at 4.  He seeks monetary damages for his alleged illness as well as an injunctive order requiring NASA and its contractor employers to take certain steps to comply with various OSHA requirements and NASA policies, to repair toxic propellant systems, and to properly design systems in accord with national consensus standards.  *See id.* at 6.

In its motion to dismiss, Defendant Jacobs contends that Plaintiff failed to state a claim against it because none of the factual allegations mentioned any culpable conduct by Jacobs.  *See* Jacobs' Br. in Support of Mot. to Dismiss at 3 (Doc. 20).  In response, Plaintiff alleged that NASA

contracts with Jacobs for maintenance and repair work on its test systems for propellants at WSTF, and that "[i]f the systems were leaking and exposing personnel it was Jacobs contract responsibility to fix them." Pl. Resp. at 4 (Doc. 34, Att. 1). He further alleges that "[m]any of the systems have leaks or emit toxic propellants by diffusion or other mechanism that routinely expose workers. Some systems have not received proper maintenance and are in a state of disrepair," and that "Jacobs did not adequately fabricate, maintain, operate, or repair systems as required by their contract with NASA." *Id.* at 3, 4. He contends that Jacobs' failure to follow applicable ASME safety standards and OSHA requirements resulted in his wrongful exposure to propellants. *See id.* at 7.

In its reply, Jacobs continues to argue that Plaintiff's "original complaint is completely devoid of any allegations of fact as to Jacobs. " Jacobs' Reply at 2, (Doc. 39). Jacobs additionally argues in its reply that OSHA does not provide a private right of action and that Plaintiff has no "prudential standing with regard to his claims related to OSHA and its regulations, policies, and programs and national consensus standards, ASMA, and NASA, and other governmental agency policy," *id*. at 3-7, which are both arguments not made in its motion to dismiss. Plaintiff's surreplies filed as Docs. 46 and 51 contain legal arguments addressing Jacobs' old and new contentions raised in its reply brief.

Under these circumstances, the Court concludes that Plaintiff should be allowed to amend his complaint to include factual allegations made in his response to the motion to dismiss and in his supplemental information regarding Jacobs that he failed to include in the complaint. *See McKinney v. Oklahoma*, 925 F.2d 363, 365 (10th Cir. 1991) (noting that, "the preferred practice is to accord a plaintiff notice and an opportunity to amend his complaint before acting upon a motion to dismiss for failure to state a claim"); *Brereton v. Bountiful City Corp.,* 434 F.3d 1213, 1219 (10th Cir. 2006)

("Federal Rule of Civil Procedure Rule 15(a) provides that leave to amend a party's complaint 'shall be freely given when justice so requires.' Our case law establishes a limitation to this principle: the district court may dismiss without granting leave to amend when it would be futile to allow the plaintiff an opportunity to amend his complaint. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).").

The Court also concludes that Plaintiff should be allowed to file a surreply addressing Jacobs' legal arguments, *see Jencks v. Modern Woodmen of Am.*, 479 F.3d 1261, 1269 (10th Cir. 2007) (stating that, "when a moving party advances in a reply new reasons and evidence in support of its motion for summary judgment, the nonmoving party should be granted an opportunity to respond"). Accordingly, the Court also concludes that Jacobs' request to strike Doc. 46 should be denied.

The Court cautions Plaintiff that he must follow the rules of civil procedure and the local rules and orders of this Court. Parties are not permitted to combine unrelated motions into one document, and by combining his motion to stay with a motion to amend in Doc. 60, Plaintiff violated that rule as set forth in the CM/ECF Administrative Procedures Manual, § 7(f)(2) and Administrative Order No. Misc. 92-88.

The Court also cautions Plaintiff that he may not file documents like Docs. 46 and 51 before obtaining the Court's approval to do so. The proper course would have been for Plaintiff to attach Docs. 46 and 51 to his motion to file additional information so that the Court could review them before making the decision whether they should be filed. *See* D.N.M. L.R.-Civ. 7.6(b) ("the filing of a surreply requires leave of the Court."). Failure to follow procedure in the future may result in documents being stricken from the record.

**2. Plaintiff may file supplemental legal argument and amend his complaint regarding**

**allegations against WGII.**

WGII focuses on an alleged absence of subject-matter jurisdiction and contends in its motion to dismiss that (i) "neither OSHA nor regulations promulgated under OSHA provides a private cause of action for an employee who suffers work-related injuries or who otherwise alleges that his employer has committed OSHA violations"; (ii) OMB Circular A-119 does not provide a basis for jurisdiction; and (iii) "no legal authority exists for implication of a private right of action under NASA's enabling legislation". WGII's Mot. to Dismiss at 3-7 (Doc. 23).

In response, Plaintiff contends that WGII was required to comply with OSHA; that following OSHA standards is part of WGII's duties to him under his employment contract, and that WGII materially breached that contract "by not following ISO quality management system, OSHA VPP, and the OSHA referenced ASME national consensus standards" and "allowing exposure and endangerment. " Pl.'s Resp. at 4-5 (Doc. 35, Att. 1). Unlike Jacobs, WGII did not raise new arguments in its reply. *See* Doc. 36.

In his "Submission of Additional Information" filed as Doc. 46, Plaintiff seeks to submit for the Court's review contracts that Plaintiff claims support his factual contention that WGII breached a "safety contract" with him, which he contends is relevant to whether the Court has subject-matter jurisdiction. His "Submission of Additional Information" filed as Doc. 51 supplies more exhibits and his legal arguments regarding, *inter alia*, material breach of contract, standing, and private rights of action under OSHA. As to WGII, therefore, the supplemental information may be broadly construed as a supplement to Plaintiff's response to WGII's motion to dismiss.

As mentioned above, WGII did not object to the filing of these submissions. In light of the Court's duty to give a broad reading and some leeway to *pro se* filings, and because WGII will not be prejudiced by the Court's considerations of Plaintiff's submissions, the Court concludes that

Plaintiff should be allowed to amend his complaint to include factual allegations and a claim for breach of contract against WGII and to file his submissions. If WGII desires to supplement its reply, it may do so within 14 days of the filing of this order.

### 3. Plaintiff's motions for extensions of time are moot.

In Doc. 57, Plaintiff seeks 80 days to respond to Jacobs' request to strike the additional materials Plaintiff filed. Jacobs' request, however, was not technically a second motion; it was relief requested in Jacobs' response objecting to the filing of a surreply. Because the Court concludes that Plaintiff has sufficiently addressed Jacobs' request for relief and the Court has concluded that the additional material should not be stricken, the Court will deny the motion as moot.

In Doc. 58, Plaintiff seeks an extension of time in which to respond to the NASA Defendants' motion to dismiss, but he timely filed his response to the Defendants' motion on October 3, 2007, *see* Doc. 68, thereby mooting his request for an extension of time.

**IT IS ORDERED** that Plaintiff's two Motions to Accept Submission of Additional Information (Doc. 44 and Doc. 45) are GRANTED. WGII may file a supplemental reply brief within 14 days after the filing of this order.

**IT IS FURTHER ORDERED** that Plaintiff's two Motions [to] Extend Time Limits for Filing (Doc. 57 and Doc. 58) are DENIED as moot.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Stay the Defense Motion to Strike (Doc. 60) is DENIED as moot and his Motion to Amend Complaint (Doc. 60) is GRANTED. Plaintiff shall file an amended complaint within 14 days after the filing of this order.

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**