IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**ARI BEN SWARTZ**,

      Plaintiff,

  vs.                                              CIVIL NO. 07-510 RB/CEG

**NATIONAL AERONAUTICS AND SPACE ADMINISTRATION (NASA)–JOHNSON SPACE CENTER (JSC) WHITE SANDS TEST FACILITY (WSTF), FRANK BENZ, DIANE McLAUGHLIN, MAX LEUENBERGER, DAVID LOYD, MICHAEL COATS, YOLANDA, Y. MARSHALL, WASHINGTON GROUP INTERNATIONAL INC. (WGII), RENE RODRIGUEZ, RICHARD CUMMINGS, ENTERPRISE ADVISORY SERVICES, INC. JACOBS TECHNOLOGY INC., and DOE DEFENDANTS**,

      Defendants.

## ORDER DENYING PLAINTIFF'S MOTIONS FOR DEFAULT JUDGMENT

**THIS MATTER** comes before the Court on Plaintiff Ari Ben Swartz's Motion for Judgment by Default (Doc. 47), filed September 4, 2007; on his Motion for Judgment by Default (Doc. 53), filed September 14, 2007; and on his Motion for Judgment by Default (Doc. 54), filed September 15, 2007. Because the Defendants did not default, the Court will deny the motions.

Although the United States is not named as a party in this case, Plaintiff requests default in his first motion against "the United States government and its officers or employee[s] sued in an official capacity" and alleges they were served on July 2 and July 5, 2007. *See* Doc. 47 at 1. Defendants note, however, that the service on July 2 and 5 did not comply with the requirements in FED. R. CIV. P. 4(i)(1)(A) for service on the United States and its agencies and employees because

Plaintiff failed to properly mail the complaint and summons to the civil-process clerk for the United States Attorney. As reflected in the return of service, *see* Doc. 28, service on the United States attorney was not properly made until July 16, 2007. In his third motion, Plaintiff concedes that he served the civil-process clerk on July 16, 2007 and that he served the individual defendants on July 17, 2007. *See* Doc. 54 at 1. Plaintiff contends, however, that he is still entitled to default judgment against NASA, McLaughlin, Loyd, Marshall, Coats, Luenberger, and Benz because no answer was filed before September 11 or September 14, 2007. *See id.*; *see* Doc. 53 at 1.

FED. R. CIV. P. 12(a)(3)(A) requires a response from United States agencies, and officers or employees of the United States who are sued in an official capacity, within sixty days of service on the United States attorney. When officers or employees are sued in an individual capacity, FED. R. CIV. P. 12(a)(3)(B) requires a response within sixty days after service on the officer or employee, or on the United States attorney, *whichever is later*. As a result, all Defendants, whether in an individual or official capacity, had until at least September 14 to file a responsive pleading. On September 13, 2007, Defendants NASA, Johnson Space Center, White Sands Test Facility, McLaughlin, Loyd, Marshall, Coats, Luenberger, and Benz timely filed a motion to dismiss for lack of jurisdiction under FED. R. CIV. P. 12(b)(1) and for failure to state a claim. *See* Doc. 52.

Plaintiff's second and third motions reflect a misunderstanding of the Defendants' obligation under FED. R. CIV. P. 12(a)(3). The rules of civil procedure allow a defendant to file either an answer or a motion to dismiss under rule 12 within the sixty-day time period after proper service of process. *See* 2 James Wm. Moore et al, MOORE'S FEDERAL PRACTICE § 12.12 (3d ed. 2007). Filing a motion to dismiss under rule 12 thus suspended the Defendants' obligation to file a general answer to the complaint until ten days after the Court issues a decision on the motion. *See* FED. R. CIV. P. 12(a)(4)(A).

**IT IS ORDERED** that Plaintiff's Motion for Judgment by Default (Doc. 47) is DENIED.

**IT IS FURTHER ORDERED** that Plaintiff's second Motion for Judgment by Default (Doc. 53) is DENIED.

**IT IS FURTHER ORDERED** that Plaintiff's third Motion for Judgment by Default (Doc. 54) is DENIED.

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**