IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ARI BEN SWARTZ,

      **Plaintiff,**

    vs.                                      CIVIL NO. 07-510 RB/CEG

NATIONAL AERONAUTICS AND SPACE
ADMINISTRATION (NASA)–JOHNSON
SPACE CENTER (JSC) WHITE SANDS
TEST FACILITY (WSTF), FRANK BENZ,
DIANE McLAUGHLIN, MAX LEUENBERGER,
DAVID LOYD, MICHAEL COATS, YOLANDA,
Y. MARSHALL, WASHINGTON GROUP
INTERNATIONAL INC. (WGII), RENE
RODRIGUEZ, RICHARD CUMMINGS,
ENTERPRISE ADVISORY SERVICES, INC.
JACOBS TECHNOLOGY INC., and DOE
DEFENDANTS,

      **Defendants.**

## ORDER DISMISSING COMPLAINT

**THIS MATTER** comes before the Court on the Federal Defendants' Renewed and

Corrected Motion to Dismiss Plaintiff Ari Ben Swartz's Amended Complaint, filed November 6,

2007 (Doc. 94); on Defendant Washington Group International, Inc.'s and its employees' ("WGII")

Motion to Dismiss the Amended Complaint, filed November 7, 2007 (Doc. 96); on Defendant

Jacobs Technology, Inc.'s ("Jacobs") Amended Motion to Dismiss, filed November 19, 2007 (Doc.

98); on Mr. Swartz's three Motions to Dismiss the Defendants' motions to dismiss for the

Defendants' failure to comply with D.N.M. LR-Civ. 7.4's requirement for parties to seek

concurrence before filing a motion, filed on December 19, 2007 (Docs. 108 & 109) and December

23, 2007 (Doc. 114); and on Mr. Swartz's two Motions for Leave to File a Surreply to two of the

Defendants' motions to dismiss, filed December 23, 2007 (Docs. 112 and 113).  Because the Court

concludes that Mr. Swartz's motions should not be granted and that Mr. Swartz's Amended

Complaint fails to state a cognizable federal claim and there is no other basis for federal subject-

matter jurisdiction, the Court will grant the Defendants' motions to dismiss the complaint without

prejudice.

## I.    Legal standard.

A motion to dismiss should be granted

> if, viewing the well-pleaded factual allegations in the complaint as true and in the
> light most favorable to the non-moving party, the complaint does not contain
> 'enough facts to state a claim to relief that is plausible on its face.' " *Macarthur v.*
> *San Juan County*, 497 F.3d 1057, 2007 WL 2045456, at *5, 2007 U.S.App. LEXIS
> 17008, at *16 (10th Cir. 2007) (*quoting Bell Atlantic Corp. v. Twombly*, --- U.S. ----,
> 127 S.Ct. 1955, 1968-69, 167 L.Ed.2d 929 (2007)).  As we have explained this new
> standard for reviewing a motion to dismiss, "the mere metaphysical possibility that
> *some* plaintiff could prove *some* set of facts in support of the pleaded claims is
> insufficient; the complaint must give the court reason to believe that *this* plaintiff has
> a reasonable likelihood of mustering factual support for *these* claims." *Ridge at Red*
> *Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).

*Anderson v. Suiters*, 499 F.3d 1228, 1232 (10th Cir. 2007) (emphasis in original).

"Because the jurisdiction of federal courts is limited, there is a presumption against our

jurisdiction, and the party invoking federal jurisdiction bears the burden of proof." *Merida Delgado*

*v. Gonzales*, 428 F.3d 916, 919 (10th Cir. 2005) (internal quotation marks omitted).  "Federal courts

are courts of limited jurisdiction; they must have a statutory basis for their jurisdiction." *Morris v.*

*City of Hobart*, 39 F.3d 1105, 1111 (10th Cir. 1994).  There are two bases for federal subject-matter

jurisdiction: diversity jurisdiction under 28 U.S.C. § 1332 and federal-question jurisdiction under

28 U.S.C. § 1331.  "Absent diversity of citizenship, federal-question jurisdiction is required.  The

presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint

rule,' which provides that federal jurisdiction exists only when a federal question is presented on

the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (footnote omitted).   Specifically, "[t]he complaint must identify the statutory or constitutional provision under which the claim arises, and allege sufficient facts to show that the case is one arising under federal law." *Martinez v. United States Olympic Comm.*, 802 F.2d 1275, 1280 (10th Cir. 1986).

Further, "[w]hile 28 U.S.C. § 1331 grants the court jurisdiction over all 'civil actions arising under the Constitution, laws or treaties of the United States,' it does not independently waive the Government's sovereign immunity; § 1331 will only confer subject matter jurisdiction where some other statute provides such a waiver."   *High Country Citizens Alliance v. Clarke*, 454 F.3d 1177, 1181 (10th Cir. 2006), *cert. denied*, --- U.S. ----, 127 S. Ct. 2134, 167 L. Ed. 2d 883 (2007).

Because Mr. Swartz proceeds pro se, the Court liberally construes his complaint.  *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).   The Court has already given Mr. Swartz an opportunity to amend his complaint and to provide the Court with supplemental responses and information in response to the Defendants' original motions to dismiss for lack of subject-matter jurisdiction. *See* Doc. 78.   There is no basis for granting Mr. Swartz yet another opportunity to further brief issues that have been fully presented by the parties, and he has raised no potential additional facts relating to the issue of subject-matter jurisdiction in his motions to file surreplies.

"Questions of jurisdiction, of course, should be given priority – since if there is no jurisdiction there is no authority to sit in judgment of anything else.  Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." *Vt. Agency of Natural Res. v. United States ex rel. Stevens*, 529 U.S. 765, 778-79 (2000) (internal quotation marks and citation omitted).

**II.     Allegations in the amended complaint**.

Mr. Swartz alleges that he "was exposed to toxic propellants" numerous times and "risked injured [sic] at the unsafe hazardous work environment" during his employment with WGII at the National Aeronautics and Space Administration Johnson Space Center White Sands Test Facility ("NASA JSC WSTF"), which not only constituted tortious conduct on the part of certain of the entity-Defendants (NASA, WGII, and Jacobs), but also breached his employment contract with WGII. *See* Am. Compl. at 3-7, 16. He contends that NASA and its employees and contractors (specifically, WGII and Jacobs) failed to comply with OSHA requirements and numerous ISO and NASA policy and safety standards, guidelines, and directives, which were "manifestations of the contract breach." *See id.* at 7-14, 17. He requests damages in the amount of twelve million dollars and injunctive relief requiring NASA and the other defendants to meet NASA standards, to repair the propellant systems, to properly design systems to meet the "most conservative national consensus standards," and to "retrofit systems to comply with OSHA requirements for flammable and combustible materials." *Id.* at 19.

**III.     Analysis**.

The parties in this case are not all diverse. To maintain suit in federal court, therefore, Mr. Swartz must have presented a federal question on the face of his amended complaint. *See Caterpillar Inc.*, 482 U.S. at 392. Mr. Swartz attempts to invoke federal jurisdiction by citing several OSHA statutes and regulations, an OMB Circular, and several NASA standards, memoranda, and policy documents. *See* Am. Compl. at 2. As the Defendants point out, however, courts that have ruled on the issue have held that "OSHA does not create a private cause of action against an employer for a violation." *Ries v. Nat'l R.R. Passenger Corp.*, 960 F.2d 1156, 1164 (3d Cir. 1992) (citing cases from the Third, Fourth, Fifth, Sixth, and D.C. Circuits); *see Merritt v. Bethlehem Steel*

4

*Corp.*, 875 F.2d 603, 608 (7th Cir. 1989) (holding that an employee of a contractor has no private right of action based on OSHA against the owner/operator of a workplace who violates that statute); *Fed. Employees for Non-Smokers' Rights v. United States*, 446 F. Supp. 181, 183 (D.D.C. 1978), *aff'd*, 598 F.2d 310 (D.C. Cir.1979) (rejecting private rights of action under OSHA against federal employers); *Jeter v. St. Regis Paper Co.*, 507 F.2d 973, 975 (5th Cir. 1975) (holding that "OSHA does not provide a private right of action for the employee of an independent contractor against an owner for the owner's violation of OSHA's requirements").   And, although not cited by the parties, the Tenth Circuit has long held that, by statute, the "existing private rights of an injured employee . . . were to be unaffected by the various sections of [OSHA]," *Frohlick Crane Serv., Inc. v. Occupational Safety & Health Review Comm'n*,  521 F.2d 628, 631 (10th Cir. 1975) (citing 29 U.S.C. § 653(b)(4) and *Jeter*, *supra*), which is consistent with the other Circuit-court holdings that OSHA does not create or provide a new, federal private right of action for individuals.

Further, because the term "employer" does not include the United States under OSHA, *see* 29 U.S.C. § 652(5), OSHA confers no authority for even the Secretary of Labor to take "enforcement action against federal agencies." *Fed. Employees for Non-Smokers' Rights* , 446 F. Supp. at 183 (noting that OSHA's legislative history provides that "the federal agency area is one 'in which ordinary enforcement and penalty provisions are hardly applicable.'  H.R. Rep. No. 90-1720, 90th Cong., 2d Sess. 20 (1968)").  Instead, breach of applicable OSHA standards may simply be used as evidence of negligence. *See Ries*, 960 F.2d at 1164-65 (holding that, although evidence of OSHA violation did not establish negligence per se, it is properly admissible as evidence of negligence).

Similarly, neither the NASA regulations nor the OMB circular cited by Mr. Swartz provide for a federal private right of action.  Mr. Swartz has simply attempted to allege state-law causes of

action against WGII, Jacobs, and NASA for negligence and breach of contract, thereby failing to establish this Court's subject-matter jurisdiction.

If Mr. Swartz's complaint is construed to also attempt to assert a federal tort claim against the United States on behalf of its agencies or employees under the Federal Tort Claims Act ("FTCA"), the complaint must still be dismissed because Mr. Swartz has not complied with the jurisdictional prerequisites for filing suit provided in 28 U.S.C. § 2675(a). *See Merida Delgado*, 428 F.3d at 919 (noting that, "the United States, as sovereign, is immune from suit save as it consents to be sued, and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit," and that "federal agencies and officers acting in their official capacities are also shielded by sovereign immunity") (internal quotation marks omitted).

> Under the FTCA, filing an administrative claim with the appropriate federal agency is a prerequisite to bringing a civil action against the United States for damages for the negligence or wrongful act of any United States employee. . . . A claim is deemed presented when a federal agency receives from a claimant 'an executed Standard Form 95 or other written notification of an incident, accompanied by a claim for money damages in sum certain for injury to or loss of property, personal injury, or death alleged to have occurred by reason of the incident.'

*Indus. Constr. Corp. v. United States Bureau of Reclamation*, 15 F.3d 963, 967 (10th Cir. 1994). This Court may not waive this jurisdictional prerequisite to suit.  *See id.*

Mr. Swartz has not pleaded in his amended complaint that he filed the requisite administrative claim, but in response to the Federal Defendants' motion to dismiss, he asserts that he complied with the administrative-claim requirement by putting the Federal Defendants on notice of submissions he made to the OSC, to Congressional representatives, and to the OIG for NASA. *See* Doc. 68 at 29.  In support of his contention, however, he provides only a memorandum to NASA that complains about, and seeks compensation for, NASA's allegedly illegal hiring practices, which is the subject of another of Mr. Swartz's federal complaints.  *See* Doc. 68, ex. 1 at 1-6.  This is not

sufficient, as a matter of law, to state an administrative claim for damages for negligent exposure to toxic propellants.  *See* 28 C.F.R. § 14.2; *Indus. Constr. Corp.*, 15 F.3d at 967.  Further, the amended complaint states that Mr. Swartz informed the OSC and NASA of WGII's reprimands for disclosing allegedly fraudulent activities and unsafe conditions – not that Mr. Swartz was making a demand upon the agency for personal-injury damages for actually exposing him to toxic propellants.  Mr. Swartz has not exhausted his administrative remedies and therefore has not stated a federal cause of action for negligence against the United States under the FTCA.

Mr. Swartz argues that the Court has jurisdiction over his breach-of-contract claims under the Tucker Act because NASA, Jacobs, and WGII disregarded federal safety contracts.   While the Tucker Act does waive sovereign immunity for claims against the United States "on express or implied contracts with the United States" "not exceeding $10,000 in amount," *see* 28 U.S.C. §§ 1491 & 1346(a)(2), the Tucker Act does not apply to Mr. Swartz's claims for two reasons.  First, it is undisputed that Mr. Swartz's employment contract is not *with* the United States, NASA, or Jacobs, but with WGII.   The complaint alleges that WGII "had no responsibility for operation and maintenance of systems at the NASA WSTF."  Am. Compl. at 6.  According to the complaint, WGII breached its contract with him "by failing to provide a safe work location."  *See* Am. Compl. at 7.  His damages claim for breach of contract, therefore, is not against the United States.  Further, the ISO and OSHA VPP contracts that Mr. Swartz alleges that WGII breached are, according to him, "contract[s] between employers and employees."  Am. Compl. at 10.  Any alleged breach of these contracts, therefore, also can not be attributed to the United States.

The amended complaint alleges that Science Applications International Corporation (SAIC), who subcontracted to WGII, and Jacobs breached their OSHA safety contracts with NASA, *see id.* at 8, but Mr. Swartz is not a party to those contracts and therefore he cannot sue for their alleged

breach under the Tucker Act.  And even if he could, contract-based claims for more than $10,000

must be brought in the United States Court of Federal Claims under § 1491 and § 1346(a)(2).  *See*

*Amalgamated Sugar Co. v. Bergland*, 664 F.2d 818, 823 (10th Cir. 1981).  Mr. Swartz's claim for

$12,000,000 far exceeds the $10,000 limit.  Because no question arising under federal law appears

on the face of the amended complaint, the Court does not have subject-matter jurisdiction over this

cause of action and the complaint must be dismissed.

IT IS ORDERED** that Mr. Swartz's motions to file a surreply (Docs. 112 & 113) are

DENIED;

**IT IS ORDERED** that Mr. Swartz's motions to dismiss (Docs. 108, 109, and 114) are

DENIED;

**IT IS FURTHER ORDERED** that the Defendants' motions to dismiss (Docs. 94, 96, and

98) are GRANTED, and the complaint is DISMISSED WITHOUT PREJUDICE.

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**